**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| PETER J. SELMECKI, **Plaintiff** | : | |
| | : | **No. 3:16-cv-1775 (VLB)** |
| v. | : | |
| | : | **June 22, 2020** |
| ANDREW SAUL, | : | |
| *COMMISSIONER OF SOCIAL SECURITY*, **Defendant** | : | |

<u>**Ruling and Order Granting Motion for Attorney Fees  [Dkt. 26]**</u>

Before the Court is Plaintiff's motion for an order approving an award of the contingent legal fee, specified in a retainer agreement, pursuant to § 406(b)(1) of the Social Security Act. In particular, Plaintiff seeks an order directing the Social Security Administration to remit to his attorney $36,074.50 out of the funds withheld by it from Plaintiff's recovery of past due Social Security benefits. For the reasons set forth below, the Court GRANTS the motion.

I.      <u>Procedural Background</u>

Attorney Ivan Katz represented Plaintiff in a civil action before this Court for judicial review of the Commissioner's unfavorable decision. After Plaintiff filed his motion to reverse the Commissioner's decision, [Dkt. 20], the Commissioner filed a consent motion to remand, [Dkt. 21], which the Court granted. [Dkt. 22]. Upon remand, Administrative Law Judge John Noel issued a fully favorable decision, finding Plaintiff to be disabled. [Dkt. 26-3 (ALJ Decision)].

Consistent with 42 U.S.C. § 406(b), the retainer agreement between Plaintiff and Attorney Katz set out that, if Plaintiff won at "any administrative or judicial

level," "the attorney fee will be twenty-five percent (25%) of all past-due benefits awarded to my family and me." [Dkt. 26-2 (Ex: Retainer Agreement)]. Twenty-five percent of the retroactive benefit award would be $42,074.50. *See* [Dkt. 26-2 (9/15/2018 Notice of Award )]; [Dkt. 29 (9/15/2018 Notice)]. Accordingly, the sum requested, $36,074.50, is $6,000 less than 25% of the recovery.

This Court has previously awarded Attorney Katz  $7,390.50 in fees under the Equal Access to Justice Act (EAJA). [Dkts. 24, 25].

II.    Legal Standard

'Whenever a court renders a judgment favorable to a claimant ... represented before the court by an attorney, the court may determine and allow as part of the judgment a reasonable fee for such representation,' but that fee may not exceed '25 percent of the total of the past-due benefits to which the claimant is entitled.'" *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 321-22 (S.D.N.Y. 2007) (quoting 42 U.S.C. § 406(b)(1)(A)).  Section 406(b) attorney fee awards are paid directly out of the plaintiff's past-due benefits,  according to the terms of a contingency fee agreement.  42 U.S.C. § 406(b)(1)(A); s*ee Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002); *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988) (*Wells I*).

The Commissioner is charged with protecting the successful claimant's interest in the determination of the reasonable recoverable attorney's fee. While the Commissioner has no direct financial stake in the fees awarded to the plaintiff's counsel, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimant[]." *Gisbrecht*, 535 U.S. at 798 n.6 (citation omitted). In

its perceived discharge of that duty, the Commissioner challenges the fee sought by the claimant's attorney. [Dkt. 27].

The district court's determination of a fee under § 406(b) begins with the retainer agreement. The district court may reduce the contingency fee agreed to in the retainer agreement only when it finds the amount is "unreasonable." *See Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir.1990).

When determining the reasonableness of a fee award under 42 U.S.C. § 406(b), the court should consider (1) whether the amount requested exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells II*, 907 F.2d at 372; *see Gisbrecht v. Barnhart*, 535 U.S. at 808 (a court may consider "the character of the representation and the results the representative achieved," and "if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.")

An attorney who receives fees under § 406(b) and who has also received fees under the EAJA must return the lesser of the awards to his client. *Wells I*, 855 F.2d 37, 42, 47.

III.     Analysis

In this case, Plaintiff seeks attorney's fees of $36,074.50, which is less than 25% of the retroactive benefit awarded to the Plaintiff. The Commissioner agrees that there is no evidence of fraud or overreaching. [Dkt. 27 at 2-4]. Instead, the Commissioner argues that the fee award is unreasonable, on the basis that the *de*

*facto* effective hourly rate of $951.83 is a windfall to Attorney Katz. [Dkt. 27 at 3] (citing cases).

Courts in this Circuit look to three factors to determine if an award would result in a windfall:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the  effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456–57 (W.D.N.Y. 2005), *quoted in Blizzard*, 496 F. Supp. 2d at 323; *see Heffernan v. Astrue*, 87 F. Supp. 3d 351, 355 (E.D.N.Y. 2015) (same).

In performing the windfall analysis, this Court must keep in mind that it should not reduce the award calculated on a contingency basis "lightly," *Blizzard*, 496 F. Supp. 2d at 325, and the windfall analysis should not simply be a lodestar analysis under another name, *Wells II*, 907 F.2d at 371 ("the traditional lodestar method… is not appropriate…"). In *Wells II*,  Second Circuit emphasized that courts "ought normally" defer to contingency agreements in the § 406(b) context for all of the usual reasons contingency agreements are enforced in other areas of law: contingency agreements "embody[] the intent of the parties," incentivize "able attorneys to practice in the social security field," and allow claimants "to pay more than a particular hourly rate to secure effective representation" and attorneys "to take the case despite the risk of nonpayment." *Id.* at 907 F.2d at 371-72.

Here, the *Joslyn* factors weigh in favor of granting the motion for fees. *Joslyn,* 389 F. Supp. 2d at 456–57.  First, Attorney Katz wrote a compelling motion and supporting memorandum of law which convinced the Commissioner to consent to remand for its reconsideration. [Dkt. 21 (Consent Mot. to Remand)]. This result accelerated the claimant's ultimate receipt of benefits, since the parties did not have to wait for the court's decision. Attorney Katz then achieved the most positive result: he convinced the Commissioner the claimant was disabled and entitled to benefits. [Dkt. 26-3]. And, rather than artificially increase past-due benefits and thus any past-due fee award, Attorney Katz's motion had the happy effect of minimizing Plaintiff's time without receiving benefits. Moreover, it was judicially efficient, saving the Court time.

Second, Attorney Katz wrote a memorandum of law that carefully demonstrated how the ALJ's decision was at odds with the hearing testimony and the record and delved into inconsistencies between the Vocational Expert's testimony and the Dictionary of Occupational Title and its supplements, as well as apposite legal authority. [Dkt. 20-2 (Mem. Supp. Mot. to Reverse or Remand)]. This point also distinguishes the instant case from the reported cases cited by the Commissioner in which the courts found windfalls: in those cases, the attorney had not filed a memorandum at all. *Cf. Heffernan v. Astrue*, 87 F. Supp. 3d 351, 356-57 (E.D.N.Y. 2015); *Devenish v. Astrue*, 85 F. Supp. 3d 634, 638-39 (E.D.N.Y. 2015); *Whittico v. Colvin*, 2014 WL 1608671 (N.D.N.Y. Apr. 22, 2014).

Third, the Court finds that Attorney Katz handled this case efficiently due to his experience in social security cases. Within just under 40 hours, he reviewed

the 645 page record and produced a cogent and persuasive a 22 page statement of facts and a 27 page memorandum to support the motion to remand.  *See* [Dkt. 20 (Mot. to Reverse)].

Based on these factors, Court finds that the requested fee of $36,074.50 is reasonable under the circumstances and would not be a windfall to Attorney Katz. *See Blizzard v. Astrue*, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (granting de facto hourly rate of $705 in 2007 where counsel was efficient, filed non-boilerplate motions, and achieved "the greatest possible success"); *Torres v. Colvin*, No. 11 CIV. 5309 JGK, 2014 WL 909765, at *2 (S.D.N.Y. Mar. 6, 2014) (recommending granting de facto hourly rate of $1000); *Kazanjian v. Astrue*, No. 09 CIV. 3678 BMC, 2011 WL 2847439, at *3 (E.D.N.Y. July 15, 2011) (granting de facto hourly rate of $2100.00 in 2011 where plaintiff's counsel drafted a detailed complaint, moving brief and reply brief, with all of the attendant review, in under 20 hours).

Therefore, the Court will grant the motion for $36,074.50 in attorney's fees. In so doing, the Court defers to the intent of the parties and the right of a claimant "to pay more than a particular hourly rate to secure effective representation." *Wells II* at 907 F.2d at 371-72.

IV.    **Conclusion**

For the reasons given above, the Court grants the motion and directs the Social Security Administration to award $36,074.50 to Attorney Katz out of the funds withheld by it from Plaintiff's recovery of past due Social Security benefits. Upon receipt of the Section 406(b) award in this case, Attorney Katz must refund

to Plaintiff the $7,390.50 awarded as EAJA fees, and so certify to the Court and to the defendant Commissioner.

It is so ordered.

_____/s/_____

Honorable Vanessa L. Bryant

District of Connecticut

Dated at Hartford, Connecticut: June 22, 2020